UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

REBECCA L. SMITH,                    )
                                     )
            Plaintiff                )
                                     )
            v.                       )   CIVIL NO.  2:11 cv 378
                                     )
MIDWEST PIPE COATING, INC.,          )
                                     )
            Defendant                )

OPINION AND ORDER

This matter is before the court on the Motion to Appoint Counsel for Plaintiff [DE 6] filed by the pro se plaintiff, Rebecca L. Smith, on February 6, 2012.  For the following reasons, the motion is **DENIED.**

Background

Rebecca Smith, a *pro se* plaintiff, filed her Complaint on October 18, 2011, alleging that her employer, Midwest Pipe Coating, Inc., did not allow her to return to work after taking a leave under the Family and Medical Leave Act, and discriminated against her based on her age and gender.  The court granted Smith leave to proceed in forma pauperis and waived the filing fees.  Smith subsequently filed this motion to appoint counsel.  Her motion states that she is unable to afford counsel and that she will be forced to abandon her claim if the court denies her request.

## Discussion

A party has no constitutional or statutory right to counsel in this civil case.  *See Brown v. United States*, 74 Fed. Appx. 611, 614 (7th Cir. 2003); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995) (*citing Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)).  However, 28 U.S.C. §1915(e) provides

> The court may request an attorney to represent any person unable to afford counsel . . . [and] shall dismiss the case at any time if the court determines that: the allegation of poverty is untrue; or the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The decision of a district court to appoint counsel is reviewed for an abuse of discretion.  *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000); *Jackson*, 953 F.2d at 1071-72.  The court abuses its discretion if "[d]enying a request for counsel . . . 'would result in fundamental unfairness infringing on due process rights.'"  *Gil v. Reed*, 381 F.3d 649, 657 (7th Cir. 2004) (*quoting Jackson*, 953 F.2d at 1071-72).

In determining whether counsel should be appointed, the court first must determine whether the indigent party has made reasonable efforts to obtain private counsel and was unable to do so or was precluded from making such efforts.  *Gil*, 381 F.3d at 656; *Brown,* 74 Fed. Appx. at 614; *Hudson v. McHugh*, 148 F.3d 859,

2

862 (7th Cir. 1998); *Zarnes*, 64 F.3d at 288; *Jackson*, 953 F.2d at 1073. If the indigent party meets this threshold requirement, the court must consider a number of factors - these include, but are not limited to, the party's financial ability to obtain counsel, the merit of her case, the complexity of her case, her ability to prosecute her case without the assistance of counsel, and whether the truth is more likely to be exposed if both sides are represented by counsel. *See Peters v. Harrison*, 1999 WL 50843 *2 (7th Cir. Feb. 1, 1999); *Jackson*, 953 F.2d at 1072. *See generally Maclin v. Freake*, 650 F.2d 885, 886-888 (7th Cir. 1981).

Smith has failed to show that she made any effort to retain counsel on her own behalf. Smith must show that she contacted attorneys and organizations, including such entities as Indiana Legal Aid, bar associations, and law school clinics, in an effort to retain counsel independently. Moreover, 42 U.S.C. §2000e-5(k) states that the prevailing party of a claim brought under the subchapter may recover attorney's fees. Smith's claims of discrimination arise under the subchapter, and any attorney Smith retained would be able to recover attorneys fees if she prevailed. If Smith shows that she made efforts to retain counsel and was unsuccessful, the court may revisit this motion and weigh the complexity of the case with Smith's apparent ability to prosecute her case.

_____

For these reasons, the Motion to Appoint Counsel for Plaintiff [DE 6] filed by the pro se plaintiff, Rebecca L. Smith, on February 6, 2012, is **DENIED WITHOUT PREJUDICE.**

ENTERED this 20th day of March, 2012

                                                            s/ ANDREW P. RODOVICH
                                                              United States Magistrate Judge